**SO ORDERED.**

**SIGNED this 15th day of January, 2014.**



Dale L. Somers
United States Bankruptcy Judge

_____

Opinion designated for on-line use but not print publication.
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: WILLIAM MCKEAN and MARIANNE MCKEAN, <br><br>DEBTORS. | CASE NO. 11-23743 <br> CHAPTER 7 |
| KAREN D'ANGELO, as Executrix of the Estate of Verona A. McKean, deceased, <br><br>PLAINTIFF, <br><br>v. <br><br>WILLIAM MCKEAN and MARIANNE MCKEAN, <br><br>DEFENDANTS. | ADV. NO. 12-6018 |

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANTS' MOTION TO DISMISS
### AND ORDERING THAT BRIAN D'ANGELO, AS ADMINISTRATOR C.T.A. OF
### THE ESTATE OF VERONA A. MCKEAN BE SUBSTITUTED AS PLAINTIFF

In this adversary proceeding, the Plaintiff, the Executrix of the Estate of Verona A. McKean, seeks an order excepting from discharge a state court judgment entered in her favor against Defendant William McKean and a ruling denying discharge to Defendants William McKean and Marianne McKean (collectively Debtors). Debtors move to dismiss under Federal Rule of Bankruptcy Procedure 7025, substitution of parties. They contend that the rule requires dismissal because Plaintiff failed, after the Debtors' filing of a statement noting the death of Karen D'Angelo, to timely substitute Brian D'Angelo, the successor representative of the Estate of Verona A. McKean, as Plaintiff.[1] The Plaintiff opposes the motion.[2] The Court has jurisdiction.[3]

**FINDINGS OF FACT.**

The relevant facts are undisputed. Debtors filed for relief under Chapter 7 on December 7, 2011. This nondischargeability action was filed on March 2, 2012, by Karen D'Angelo, as Executrix of the Estate of Verona A. McKean. Karen D'Angelo died on March 10, 2012. On April 25, 2012, Debtors filed a pleading entitled Suggestions of

---

[1] Dkt. 55.

[2] Dkt. 59.

[3] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J). There is no objection to venue or jurisdiction over the parties.

Death upon the Record (Suggestions of Death)[4] which states that it was served upon counsel for the Plaintiff via United States mail and by email through the Bankruptcy Courts's ECF/CM notification system. It recites the foregoing events in this case and concludes with the statement, "Debtors/Defendants suggest upon the record, pursuant to Bank. Rule 7025, the death of Plaintiff, Karen D'Angelo, during the pendency of this action."

On May 10, 2012, Joseph A. D'Angelo, who was appointed administrator of the estate of Karen A. D'Angelo, on a date not revealed in the record, filed a petition in the state court proceedings for probate of the Estate of Verona A. McKean for the appointment of an administrator C.T.A.[5] The petition suggests that Brian J. D'Angelo, who is the son of Karen A. D'Angelo and the grandson of Verona McKean, was a suitable person to be granted the letters of administration. Although the record does not include a copy of an order appointing Brian D'Angelo, the Court assumes that such appointment was made, since the caption of some pleadings in this case identify the Plaintiff as "The Estate of Verona A. McKean through Brian D'Angelo as Substitute

---

[4] Dkt. 15.

[5] See Petition to Appoint Administrator C.T.A. and Approve the Actions and Accounts of Karen D'Angelo, Executrix, filed on May 10, 2012, in the District Court of Johnson County, Kansas, Probate Division, in Case No. 08 PR 227, *In the Matter of the Estate of Verona A. McKean, deceased.* (Dkt. 99, Exhibit A).

Representative."[6] However, no motion to substitute Brian D'Angelo as Plaintiff has been filed.

Debtors filed the Motion to Dismiss Pursuant to Fed. R. Civ. P. 25(a)(1) on September 6, 2013.

**DISCUSSION.**

**A. Rule 25 as a basis to dismiss.**

Bankruptcy Rule 7025 provides that Federal Rule of Civil Procedure 25 (Rule 25) applies in adversary proceedings. Rule 25 provides in relevant part:

> **Rule 25. Substitution of Parties.**
> **(a) Death.**
> > **(1) Substitution if the Claim is not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> > ***
> > **(3) Service.** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.
> > ***
> > **(c) Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless that court, on motion, orders the transferee to be

---

[6] *E.g.*, dkt. 27 (Third Amended Report of Parties' Planning Meeting, signed by Debtors' attorney and filed on January 14, 2013).

substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Rule 25 does not prohibit a defendant from filing a suggestion of death of the plaintiff. "In practice, it is not unusual for a defendant to suggest death upon the record to impose upon the plaintiff's side the obligation to move for substitution of a party, as a tactical maneuver of an adversary premised upon expediting the action or getting it dismissed."[7]

### B. Positions of the parties.

In this case, Debtors contend that this dischargeability proceeding must be dismissed under Rule 25(a)(1) because a motion for substitution of the present representative of the Estate of Verona McKean was not made within 90 days of the service of the statement noting the death of Karen D'Angelo.[8] Plaintiff opposes the motion on three grounds: (1) that substitution is not necessary because no new party arises when there is a substitute representative of an estate; (2) that the 90-day period in which to substitute parties did not run because the Suggestion of Death was not properly served; and (3) that Debtors have waived their right to object to a motion to substitute or to request dismissal. The Court will address each of these objections to the motion to dismiss.

### C. Rule 25(a) requires substitution of the Plaintiff in this case.

---

[7] *Kasting v. Amer. Family Mut. Ins. Co.*, 196 F.R.D. 595, 599 (D. Kan. 2000).

[8] The Debtors do not contend that the claim was extinguished.

5

The Plaintiff's first defense is that Rule 25(a) is not applicable. The argument is based upon Rule 25(c), which provides that substitution is not mandatory if an interest is transferred. According to Plaintiff, the true plaintiff is the estate of Verona A. McKean, the estate did not die, and the interest in pursuing the litigation merely transferred from Karen D'Angelo to Brian D'Angelo, the substitute representative of the estate. This argument dissolves upon close scrutiny. Subsection (c) of Rule 25 applies to the transfer of an interest, such as by assignment and corporate merger.[9] Here there was no transfer of an interest; after the death of the executrix, the estate remained the entity which would benefit from success in this action. But until the appointment of a successor fiduciary for the estate, there was no individual entitled to pursue the litigation on behalf of the estate. The cases cited by the Debtors are distinguishable. Unlike *In re Aredia & Zometa Products Liab. Litig.*,[10] cited by Debtors, this is not a case where only the title of the individual party to the litigation changed; here the party died. In addition, this case is different from *Estate of Rains v. Fed. Deposit Ins. Co.*,[11] also relied upon by Debtors, where the FDIC sought to recover against an individual on a note and upon the individual's death the estate, not the administrator of the estate, was substituted as the

---

[9] 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 692-93 (3rd ed. 2007).

[10] *In re Aredia & Zometa Products Liab. Litig.*, 2013 WL 3043656 *1 (M.D. Tenn. June 17, 2013).

[11] *Estate of Rains v. Fed. Deposit Ins. Corp.*, 702 F. Supp. 1520 (D. Kan. 1988), aff'd sub nom. *Rains v. Fed. Deposit Ins. Corp.*, 930 F.2d 34 (10th Cir. 1991).

defendant based upon Kansas law. Here the personal representative is the Plaintiff, asserting dischargeability claims on behalf of the Estate of Verona A. McKean.

The Supreme Court of Delaware has rejected an argument similar to the Debtors', that Rule 25(a) does not apply to the death of the administrator of an estate because the Rule governs substitution of parties on death of an individual party and not on death of a representative party. It stated, "Rule 25(a)(1) appears applicable to substitution of parties on death of a personal representative as well as on death of an individual party. The Rule contains no language supporting plaintiff's construction-limitation on its application; and no authority for such limitation has been cited or found."[12] This Court agrees with the reasoning of the Delaware Court and holds that Rule 25(a) applies upon the death of a personal representative who is a plaintiff in a dischargeability proceeding.

**D. The 90 day period of Rule 25(a)(1) did not begin to run because the Suggestion of Death was not served in accord with Rule 25(a)(3).**

Next the Court considers whether, as contended by Plaintiff, the 90-day period in which to substitute parties did commence to run because the Suggestion of Death was not properly served. Under Rule 25(a)(1), the 90 day limitations period for filing a motion to substitute parties is not triggered unless two events occur: (1) a formal suggestion of death is made on the record; and (2) the suggestion of death is served in accordance with Rule 25(a)(1),[13] which requires service on parties as provided in Rule 5 and on nonparties

---

[12] *Doherty v. Straughn*, 407 A.2d 207, 210 (Del. 1979).

[13] *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990).

7

as provided in Rule 4. Rule 25 does not identify the nonparties on whom a suggestion of death must be served, but case law provides guidance. The Tenth Circuit, in *Grandbouche*, held that when a plaintiff in an action against officials of the IRS alleging violation of constitutional rights died during the pendency of the case, the Rule 25 service on nonparties must be on the "successors or representatives of the deceased party's estate."[14] The Seventh Circuit, in *Atkins*, relying in part on *Grandbouche*, held that when Mr. Atkins, a plaintiff in a civil rights suit, died during the pendency of the case, his wife was a nonparty on whom service was required, even though the suggestion was filed by the attorney who formerly represented the plaintiff. It stated,

> Rule 25(a)(1) requires service, though it does not say which nonparties must be served (Mrs. Atkins was a nonparty) - obviously not every person in the United States who happens not to be a party to the lawsuit in question. But nonparties with a significant financial interest in the case, namely the decedent's successor (if his estate has been distributed) or personal representative ([if] it has not been), would certainly be served. And Mrs. Atkins was one of those nonparties, in fact (it appears) the nonparty with the biggest stake in the continuation of the case.
>                             ***
> ... [T]he cases are unequivocal that an obviously interested nonparty, such as Mrs. Atkins, must be served for the 90-day clock to start running.[15]

In *Fehrenbacker v. Quackenbush*, where a suggestion of death of defendant Quackenbush was filed by Quackenbush's former counsel but was not served on any

---

[14] *Id*. at 837.

[15] *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008).

8

nonparties, the Kansas District Court, citing *Grandbouche,* found "Rule 25 has not been satisfied as the suggestion of death has not been served in compliance with Fed. R. Civ. P. 4 on Quackenbush's representatives."[16] The court also noted that "[b]y requiring service of the suggestion of death on parties and non-parties, the rule implicitly allocates the burden of identifying the substitute party to the party making the suggestion of death."[17]

The question of service on nonparties was also addressed by the Kansas District Court in *Kasting.*[18] In that case, plaintiff William Kasting, who had brought suit against an insurer for failure to pay uninsured motorist benefits, died during the pendency of the litigation, leaving a widow. Five days after the death, the insurer filed a suggestion of plaintiff's death and served it on plaintiff's former counsel and counsel for co-defendants. About three and one-half months later, the same suggestion was served in accord with Rule 4 upon the plaintiff's widow, who had not yet been appointed plaintiff's legal representative. A proper motion for substitution was not filed within 90 days of either the filing of the suggestion of death or the service of the suggestion on the widow. Some of the defendants moved to dismiss based upon the suggestion of plaintiff's death followed by lack of proper substitution under Rule 25. The widow responded that the suggestion of death was not valid because it "was not properly served on the successors or representatives of the plaintiff because the suggestion of death did not include [the

---

[16] *Fahrenbacher v. Quackenbush*, 759 F.Supp. 1516, 1519 (D.Kan. 1991).

[17] *Id.*

[18] *Kasting v. Amer. Fam. Mut. Ins. Co.*, 196 F.R.D. 595.

9

widow] or other heirs in the certificate of service or otherwise."[19]  However, the estate did not challenge the fact that the plaintiff's widow was served with a copy of the suggestions of death after its filing and no motion to substitute was made on behalf of the estate within 90 days thereafter.  The court held that the service of the suggestion was valid.  It reasoned that, since the widow was not a party to the action, defendant was required to comply with the requirement of Rule 25 that she be served in accord with Rule 4 and that the defendant had done so.

In this case, Debtors did not attempt service of the Suggestion of Death on any nonparty.  Debtors argue that such the requirement is not applicable here because as of April 25, 2012, when the Suggestion of Death was filed, Debtors "had no nonparties to serve as contemplated by Rule 25(a)(1),"[20] since Karen D'Angelo died on March 10, 2012 and the petition to appoint Brian D'Angelo as substitute representative was not filed until May 10, 2012, with the letters issued and filed on May 23, 2012.  The following dicta from *Kasting* is stated by Debtors to be dispositive of the question of the effectiveness of the Suggestion of Death despite the lack of service on nonparties.

> Contrary to the estate's assertions, the rule does not require that the non-party be named in the suggestion of death, or that the certificate of service reflect the service on a non-party.  Although inclusion of such information is desirable when it is known to the party suggesting death, the court finds the imposition of such a requirement unreasonable where, as here, the opposing party suggests death soon after

---

[19] *Id*. at 600.

[20] Dkt. 99, 5.

10

Case 12-06018   Doc# 107   Filed 01/15/14   Page 10 of 14

> death occurs, and has no personal knowledge at that time of
> who the successors or representatives of the decedent may be.
> Requiring an opposing party to wait the formal determination
> of who the decedent's successors or representatives are before
> filing a suggestion of death would delay that suggestion, and
> likely all other legal proceedings in the case, an inordinate
> period of time.[21]

But Debtors' argument ignores the facts that the forgoing is dicta and in *Kasting*, although the widow was not named in the suggestion or initially served, she was served with the suggestions several months after the filing of the suggestions and before she was appointed representative. It was because of that service that the suggestion was effective.

Although not cited by the Debtors, the Court notes that there is at least one case finding an exception to the requirement of service of the suggestion of death upon an interested nonparty where the identity of the nonparty appropriate for substitution is not known when the suggestion of death is filed. In *George*[22] the court held that when "there is no indication that the defendant had notice of the pending appointment" of the plaintiff's surviving spouse as executor of the deceased plaintiff's estate on the date the defendant filed the suggestion of death, the lack of service upon the nonparty did not stop the commencement of the 90 day period for filing a motion to substitute."[23] The Seventh Circuit in *Atkins*,[24] discussed above, declined to follow *George* based upon the factual

---

[21] *Kasting v. Amer. Family Mut. Ins. Co.*, 196 F.R.D. at 600.

[22] *George v. United States*, 208 F.R.D. 29 (D. Conn. 2001).

[23] *Id*. at 32.

[24] *Atkins v. City of Chicago*, 547 F.3d at 873-74.

11

distinction that the suggestion of death in *Atkins* was filed by an opposing party, rather than former counsel for deceased. This Court also declines to find an exception excusing service of the suggestion of death of the plaintiff filed by a defendant on nonparties having an interest in the litigation when the suggestion is filed before a personal representative of the deceased is appointed but the party filing the suggestion is a relative of the decedent who left known heirs. To do so would be contrary to Rule 25 which requires such service. The importance of service on the suggestion upon nonparties is apparent from the requirement that the service by in accord with Rule 4; actual notice to nonparties is the first step in protection of their interest in the litigation.

Here Debtors made no attempt to serve any nonparty, even though the heirs of Karen D'Angelo were known to Debtors and on May 10, 2012, shortly after the filing of the suggestion on April 25, 2012, Joseph A. D'Angelo, was appointed administrator of the estate of Karen A. D'Angelo and Brian D'Angelo was later appointed Administrator C.T.A. of the Estate of Verona A. McKean. The Court also notes that after the death of Karen D'Angelo this litigation continued uninterrupted. The caption of the Third Amended Report of Parties' Planning Meeting and Stipulated Extension of Discovery and Other Deadlines, filed on January 14, 2013, which was signed by counsel for the Debtors, identifies the Plaintiff as "Brian D'Angelo as Substitute Executor of the Estate of Verona

12

A. McKean."[25] Thereafter, without objection by the Debtors, the Plaintiff continued to caption pleadings in this manner.

For the foregoing reasons, the Court finds that Debtors' failure to serve the suggestions on any nonparties rendered the Suggestion of Death ineffective for purposes of the running of the 90 period for the filing of a motion to substitute parties.

**E. The Court makes no ruling on Plaintiff's argument that Debtors waived any right they had to seek dismissal based upon failure to substitute parties within 90 days of the filing of the suggestion of death.**

The Plaintiff's last argument is that Debtors have waived their right to object to a motion to substitute or to request dismissal of this action by having failed to file the motion to dismiss for over 16 months after filing the suggestion and participating in the litigation throughout that time. Since the Court has found that the suggestion was not sufficient to start the running of the 90 days for filing a motion to substitute, it declines to rule on the waiver issue.

**G. The Court sua sponte orders substitution of Brian D'Angelo for Karen D'Angelo as the proper party to pursue this litigation on behalf of the estate of Verona A. McKean.**

The Court has found above that upon the death of Karen D'Angelo Rule 25(a)(1) required that the substitute personal representative of the Estate of Verona A McKean be substituted as Plaintiff. The Court has also found that the limitation period for filing a motion for substitution did not commence to run. In the interest of expediency, the Court

---

[25] Dkt. 27.

Case 12-06018    Doc# 107    Filed 01/15/14    Page 13 of 14

hereby sua sponte orders the substitution.[26] Since Karen D'Angelo's death, very shortly after the filing of this case, the parties continued with the litigation as if there was no need for substitution. They engaged in planning meetings, discovery was conducted, a motion for summary judgment was filed by the Plaintiff, and Plaintiff began using Brian D'Angelo's name in the caption. The motion to dismiss was not filed until after the filing of Plaintiff's motion for summary judgment. Now that the issue of the proper Plaintiff has been placed before the Court, nothing would be gained by requiring a motion and providing an opportunity for objection, since the Rule 25 issues had been resolved by the memorandum.

**CONCLUSION.**

For the foregoing reasons the Court denies the motion to dismiss.

The Court also orders that Brian D'Angelo, as Administrator C.T.A. of the Estate of Verona A. McKean, be substituted as Plaintiff for Karen D'Angelo.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding.

**IT IS SO ORDERED.**

###

---

[26] *See Durrant v. Kelly*, 186 A.D.2d 237, 588 N.Y.S.2d 196 (N.Y. App. 1992).